UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 9/21/2026

MICHAEL M. GOLDBERG,
Defendant-Appellant,

v.

PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P.,
Plaintiff-Appellee.

MEMO ENDORSED

Case No. 25-cv-08948 (CM)
Bankruptcy Adv. Pro. No. 18-01650 (JPM)

**EMERGENCY MOTION FOR A STAY PENDING APPEAL AND IMMEDIATE PRESERVATION OF RESTRAINED ASSETS WITH INCORPORATED MEMORANDUM OF LAW**

Immediate interim relief requested
Alternative request: thirty-day preservation period

9/21/2026
There is no appeal from any order of the bankruptcy court pending before me. If Mr. Goldberg is taking an appeal from an order of the bankruptcy court it may not be (1) deemed related to our prior matter, or (2) wheeled out to me. I will not enter a stay without hearing from PPVA. If this application relates to Mr. Goldberg's appeal to the Second Circuit, I still will not enter any emergency relief without hearing from PPVA.

Case 1:25-cv-08948-CM Document 31 Filed 09/18/26 Page 2 of 10

## TABLE OF CONTENTS

Introduction and relief requested 4

I. Immediate need for interim protection 6

II. Authority and stay standard 8

III. Irreparable consequences and protection of both parties 10

IV. Summary judgment: ownership and performance 14

V. Independent challenge to historical valuation 19

VI. Requested relief 24

Case 1:25-cv-08948-CM Document 31 Filed 09/18/26 Page 3 of 10

**TABLE OF AUTHORITIES**

Anderson v. City of Bessemer City, 470 U.S. 564 (1985) (V.)

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) (IV.)

Brenntag International Chemicals, Inc. v. Bank of India, 175 F.3d 245 (2d Cir. 1999) (III.)

Butner v. United States, 440 U.S. 48 (1979) (IV.)

Connelly v. United States, 602 U.S. 257 (2024) (V.)

Greenfield v. Philles Records, Inc., 98 N.Y.2d 562 (2002) (IV.)

Nken v. Holder, 556 U.S. 418 (2009) (II.)

Weisgram v. Marley Co., 528 U.S. 440 (2000) (V.)

11 U.S.C. §§ 542(a), 1521(a)(5) (IV.; V.)

26 U.S.C. § 1001(a), (c); 28 U.S.C. § 2106 (III.; V.)

Fed. R. App. P. 8, 10 (Introduction; IV.; VI.)

Fed. R. Bankr. P. 7026, 7052, 7069, 8007, 8013, 8015, 8025 (II.; III.; V.; Certificate)

Fed. R. Civ. P. 26(c), 52, 56, 69(a) (III.; IV.; V.)

N.Y. CPLR 5240 (III.)

Case 1:25-cv-08948-CM Document 31 Filed 09/18/26 Page 4 of 10

**Introduction and relief requested**

The extensive record presents a direct appellate question: was PPVA entitled to judgment without a liability trial when the Agreement and contemporaneous records supported a materially different account of ownership and performance? Goldberg requests an immediate interim stay, followed by a stay pending appeal, preserving the restrained assets while that question and the independent valuation challenge receive review. Collection, forced sale, and distribution under the September 14 turnover order, Adv. Dkt. 212, and related enforcement measures should be stayed. Alternatively, Goldberg requests thirty days of preservation and expedited consideration. Fed. R. Bankr. P. 8025(b)–(c); Fed. R. App. P. 8(a)(1).

Goldberg's construction begins with the Agreement's text: a binding arrangement effective without later definitive documentation, a separately stated grant of sole voting and dispositive power, and accounts securing limited-recourse obligations. Under that construction, beneficial and dispositive rights arose under the signed Agreement, while delivery into controlled accounts protected Platinum's security interest. Continued custody pending that protection did not establish the absence of Goldberg's rights. Agreement at 1, 3–4. The appeal asks whether that construction is objectively reasonable and whether the performance evidence permitted summary judgment. Goldberg need not conclusively establish ownership to show a genuine material dispute. Fed. R. Civ. P. 56(a), (c).

Case 1:25-cv-08948-CM Document 31 Filed 09/18/26 Page 5 of 10

The contemporaneous records give that reading concrete support: Platinum's July 2015 memorandum described relinquished voting and dispositive authority; PPVA's consolidated financial statements recorded notes receivable and a corresponding liability; public disclosures attributed rights to Goldberg; and May 2016 communications described warrants he currently owned. Opinion at 11–15. Their substance and timing bear on what the parties implemented. The named counterparty, Platinum Management (NY) LLC, also retained functions concerning Noteholders and payment priorities. Liquidation of a particular fund did not itself establish transfer of all the manager's contractual rights or eliminate existing allocations.

The ownership determination carried forward into the valuation trial and this Court's affirmance. Goldberg challenges whether the Agreement excluded his reasonable construction and whether ownership and performance could properly be resolved against him without a liability trial. Independently assuming PPVA's ownership, a later ruling could not establish what a buyer would have paid on the historical valuation date in light of contrary public disclosures and uncertainty about issuer recognition. The valuation challenge concerns PPVA's proof of that historical value, rather than a request that the appellate court invent a different price.

Case 1:25-cv-08948-CM Document 31 Filed 09/18/26 Page 6 of 10

The appeal places the judgment's foundation at issue while PPVA seeks proceeds for distribution in its foreign estate's wind-down. Adv. Dkt. 211 at 3. Forced sales may create tax obligations; distribution may leave no readily reachable repayment source. Goldberg, already without unrestricted resources for counsel, would then have to pursue dispersed funds. Continued restraints protect PPVA against withdrawals while preserving effective review. If PPVA prevails, the assets remain available for lawful collection; if Goldberg succeeds, they remain available to implement the appellate disposition. Preserving that pool avoids the costs of tracing distributions or arranging separate restitution security.

**I. The entered turnover order requires immediate interim protection**

On September 14, 2026, the Bankruptcy Court ordered identified garnishees to turn over assets to Holland & Knight LLP or as it directs. Adv. Dkt. 212 ¶¶ 1–5. Paragraph 6 requires compliance within fourteen days unless PPVA agrees otherwise in writing; it does not prohibit earlier collection. Paragraph 7 reserves authority to modify the order or grant relief for cause.

The proposed modified order supplied on September 17 seeks all assets in the identified accounts and directions permitting liquidation. Proposed Modified Order ¶¶ 1–5. The supplied copy is unsigned. The immediate threat nevertheless arises from the existing order, PPVA's refusal to wait, and its request to reach and liquidate securities, whether or not that amendment is entered.

Case 1:25-cv-08948-CM Document 31 Filed 09/18/26 Page 7 of 10

At the September 15 hearing, the Bankruptcy Court directed a conference about turnover. On September 16, Goldberg requested a thirty-day standstill and account relief needed for ordinary banking, living expenses, and preparing his appeal. Counsel refused. Counsel stated that turnover had not yet been sought as of that conversation, but indicated prompt collection and gave no undertaking to wait. Goldberg Decl. ¶¶ 2–4. Goldberg subsequently requested urgent Bankruptcy Court assistance. The present application seeks a stay of this Court's affirmance and enforcement pending the noticed Second Circuit appeal.

PPVA itself explains the urgency: it seeks judgment proceeds for distribution through the Joint Official Liquidators' orderly wind-down. Adv. Dkt. 211 at 3. Immediate preservation is necessary while this motion is considered, because a briefing schedule alone would not prevent collection or distribution.

On September 18, 2026, the Bankruptcy Court denied Goldberg's request. Adv. Dkt. 216 at 1–3 (Ex. J). It recited the Nken factors, found the standard unmet, and agreed with PPVA that the request was "yet another attempt to relitigate the underlying merits." Id. at 2. It granted no interim protection. The order described the request as seeking time to prepare an appeal of the Turnover Order. Id. at 1. This application seeks protection during the already-noticed Second Circuit appeal from this Court's affirmance and judgment. PPVA's earlier request for fourteen

Case 1:25-cv-08948-CM Document 31 Filed 09/18/26 Page 8 of 10

days to respond was a briefing request, not a collection standstill. Adv. Dkt. 215 at 2.

## II. Authority and stay standard

Rule 8025(b) authorizes a stay of this Court's judgment on notice; subsection (c) also stays the bankruptcy rulings affirmed. Goldberg requests express protection against enforcement through Dkt. 212 and related modifications. The new turnover order, liquidation proposal, and threatened distribution establish cause for relief beyond thirty days after this Court's judgment. Rule 8025(b)(2). This application does not treat the merits notice of appeal as a separate appeal from Dkt. 212.

The earlier December 15, 2025 stay denial, Adv. Dkt. 179, and the September 18, 2026 denial, Adv. Dkt. 216, are acknowledged. The latter order and its reasons accompany this motion, consistent with Rule 8007(b)(2)(B). The principal application is under Rule 8025 and Appellate Rule 8(a)(1) for a stay of this Court's judgment. Intervening collection measures and threatened distribution require present consideration of preservation. Goldberg has pursued the directed conference and obtained a ruling below; no interim protection resulted. He requests immediate relief from this Court while it considers the supported motion. Advance notice is addressed in Goldberg Decl. ¶ 17.

Case 1:25-cv-08948-CM Document 31 Filed 09/18/26 Page 9 of 10

PPVA's counsel are Robert J. Burns and Elliot A. Magruder, Holland & Knight LLP, 787 Seventh Avenue, New York, New York 10019; telephone (212) 513-3200; robert.burns@hklaw.com and elliot.magruder@hklaw.com. Adv. Dkt. 211 at 8. Goldberg's contact information appears in the signature block.

The Bankruptcy Court notes that counsel remain of record and have not sought withdrawal. Adv. Dkt. 216 at 1 n.1. Goldberg requests prompt clarification of representation and, if required, leave to present this emergency request personally while counsel's status is resolved. His declaration describes his practical lack of funded assistance alongside the unresolved formal appearances.

The factors are likelihood of success, likely irreparable injury, injury to other parties, and the public interest; the first two are especially important. Nken v. Holder, 556 U.S. 418, 434–35 (2009). Goldberg submits the preserved appellate issues for that required likelihood assessment and seeks preservation while the Second Circuit reviews the judgment. The September 18 order's stated application of the factors gives no separate explanation addressing continued restraints, proposed segregation, or the risk of distribution during wind-down. Adv. Dkt. 216 at 2. Sections III–V supply the concrete grounds for this Court's assessment. Rule 8025(b)(4) permits security other than a bond. Existing restraints, reporting, and restrictions on disposition provide concrete protection for the assets currently available.

Case 1:25-cv-08948-CM Document 31 Filed 09/18/26 Page 10 of 10

Record references: "Opinion" means this Court's July 30, 2026 opinion, District Dkt. 26; "Adv. Dkt." refers to No. 18-01650; "App'x" refers to the appendix submitted in this District Court appeal; "Tr." refers to the November 19–20, 2024 valuation trial. "Agreement" means the executed First Omnibus Amendment and amended Term Sheet. "Goldberg Decl." is the accompanying declaration. Copies of the principal orders and cited correspondence accompany this motion as Exhibits A–J.

**III. Preservation protects both parties against irreparable consequences**

The assets remain identifiable in domestic accounts. If their proceeds are transferred abroad, distributed, or consumed by legal fees and liquidation expenses, a successful appeal may leave Goldberg pursuing multiple recipients without an adequate repayment source. This risk rests on PPVA's stated wind-down and distribution purpose, not foreign domicile alone. Monetary loss can warrant equitable relief where a substantial risk exists that the parties cannot be restored to their positions, including because of insolvency. Brenntag International Chemicals, Inc. v. Bank of India, 175 F.3d 245, 249–50 (2d Cir. 1999).

PPVA should identify any collections already made, the accounts holding them, intended dispositions, and an enforceable source of repayment after wind-down. A sworn accounting and identifiable United States segregation would address the risk directly. The possibility of a later restitution claim offers little